## IN THE COURT OF APPEALS OF IOWA

No. 18-0094
Filed March 7, 2018

**IN THE INTEREST OF A.W.,**
**Minor Child,**

**J.D., Mother,**
 Appellant.
_____

 Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, District Associate Judge.


 A mother appeals from an order terminating her parental rights pursuant to Iowa Code chapter 232 (2017). **AFFIRMED.**


 Lynn Poschner of Borseth Law Office, Altoona, for appellant mother.

 Thomas J. Miller, Attorney General, and John B. McCormally, Assistant Attorney General, for appellee State.

 Charles S. Fuson of Youth Law Center, Des Moines, guardian ad litem for minor child.


 Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**MCDONALD, Judge.**

Jenifer appeals from an order terminating her parental rights in her child A.W. (born 2013). The juvenile court terminated Jenifer's parental rights pursuant to Iowa Code section 232.116(1)(f) (2017). Jenifer challenges the sufficiency of the evidence supporting the statutory ground authorizing termination of her parental rights and argues termination of her parental rights was not in the best interest of her child.

Jenifer has not preserved error with respect to any issue raised in this appeal, or she has waived any challenge to the termination of her parental rights. "[T]he general rule that appellate arguments must first be raised in the trial court applies to . . . termination of parental rights cases." *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). Jenifer was present at the termination hearing, but she did not contest the termination of her parental rights. She did not challenge the State's evidence, she did not testify, and she did not introduce any evidence on her behalf. During closing argument, Jenifer's counsel did not contest the termination of Jenifer's parental rights but instead expressed Jenifer's hope the child might be placed with a family member and Jenifer's hope one day she would be able to have a relationship with the child. Jenifer's failure to challenge the termination of her parental rights in the juvenile court constitutes the failure to preserve error and/or waiver. *See In re M.L.H.*, No. 16-1216, 2016 WL 4803999, at *1 (Iowa Ct. App. Sept. 14, 2016); *In re D.W.*, No. 14-0545, 2014 WL 2600358, at *1 (Iowa Ct. App. June 11, 2014); *In re C.T.*, No. 14-0243, 2014 WL 1714958, at *1 (Iowa Ct. App. Apr. 30, 2014); *In re P.S.*, No. 11-0516, 2011 WL 2714169, at *1 (Iowa Ct. App. July 13, 2011).

Even if Jenifer had preserved error or not waived her claims, her claims are unavailing. This court reviews termination proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The statutory framework authorizing the termination of a parent-child relationship is well established and need not be repeated herein. *See In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010) (setting forth the statutory framework).

Here, there is clear and convincing evidence authorizing the termination of Jenifer's rights pursuant to Iowa Code section 232.116(1)(f). We have interpreted this provision to require, among other things, "clear and convincing evidence the child[] would be exposed to an appreciable risk of adjudicatory harm if returned to the parent's custody at the time of the termination hearing." *In re E.H.*, No. 17-0615, 2017 WL 2684420, at *1 (Iowa Ct. App. June 21, 2017). The record reflects the child was removed from the mother's care in August 2015. At that time, the child tested positive for methamphetamine and marijuana. Since the time of removal, Jennifer has not addressed her substance-abuse condition and other concerns giving rise to removal. She continued to use controlled substances throughout the pendency of this case. Jenifer's caseworker suspected Jenifer was under the influence during Jenifer's last visit with A.W., just five days prior to the termination hearing. In short, Jenifer's untreated substance abuse caused physical harm to her child, precluded her from being able to provide adequate care for her child, and created an appreciable risk of harm to her child. *See, e.g., In re A.B.*, 815 N.W.2d at 776 (noting drug addiction can render a parent unable to care for children); *In re L.S.*, No. 17-1824, 2018 WL 540968, at *1 (Iowa Ct. App. Jan. 24, 2018) (providing untreated substance abuse can create a risk of harm to the

children); *In re R.P.*, No. 16-1154, 2016 WL 4544426, at *2 (Iowa Ct. App. Aug. 31, 2016) (affirming termination of parental rights of parent with history of drug abuse); *In re H.L.*, No. 14-0708, 2014 WL 3513262, at *3 (Iowa Ct. App. July 16, 2014) (affirming termination of parental rights when parent had history of substance abuse). Jenifer also has significant untreated mental-health concerns, which prevent her from providing appropriate care for the child. *See, e.g., In re D.B.*, No 14-1311, 2014 WL 5253077, at *4 (Iowa Ct. App. Oct. 15, 2014) (affirming termination of parental rights where mother had untreated mental-health condition); *In re R.G.*, No. 14-1134, 2014 WL 6682335, at *2–3 (Iowa Ct. App. Nov. 26, 2014) (same); *In re T.P.*, 757 N.W.2d 267, 271 (Iowa Ct. App. 2008) (affirming termination of parental rights where non-compliance with recommended mental-health treatment posed a risk to the child).

There is also clear and convincing evidence termination of Jenifer's rights is in the best interest of the child. The primary concern in a termination proceeding is the best interest of the child. *See In re D.S.*, 806 N.W.2d 458, 465 (Iowa Ct. App. 2011). We give consideration to "the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). As a general rule, "'the needs of a child are promoted by termination of parental rights' if the grounds for termination of parental rights exist." *In re L.M.F.*, 490 N.W.2d 66, 68 (Iowa Ct. App. 1992) (citation omitted). Here, Jenifer showed over the course of two years that she was unable to provide consistent care and nurturing to A.W. Jenifer's demonstrated inability to provide responsible and safe care for the child over an extended period of time is the best indicator of her future

ability—or inability—to care for the child. *See In re A.B.*, 815 N.W.2d at 778. We thus conclude the physical, mental, and emotional needs of the child are best served by the termination of Jenifer's parental rights.

We affirm the juvenile court order terminating the mother's parental rights.

**AFFIRMED.**